FILED JUL 19 '01 PM 2:35 USDC-ALS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY      ]
COMMISSION,                       ]
                                  ]
            Plaintiff,            ]
                                  ]
vs.                               ]      CIVIL ACTION #: 01-0522-MJ-M
                                  ]
WAL-MART Stores, Inc.,            ]      COMPLAINT
                                  ]
            Defendant.            ]      JURY TRIAL DEMAND
────────────────────────────────

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex; and to provide appropriate relief to Charlene Daugherty and other similarly situated females, the individuals aggrieved by those unlawful employment practices.

The Commission alleges that the Defendant WAL-MART Stores, Inc., discriminated against Charlene Daugherty and other similarly situated females, on the basis of sex, female, by subjecting them to a sexually hostile and intimidating work environment in violation of Section 703 (a) of Title VII. The Commission further alleges that Defendant harassed Charlene Daugherty in retaliation for complaining about the sexual harassment in violation of Section

704(a) of Title VII.  And the Commission alleges that Defendant constructively discharged Charlene Daugherty because of her sex and in retaliation for complaining about the sexual harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§ 703(a), 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et.seq., and §102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A (Title VII).

2.  The employment practices alleged to be unlawful herein were and are now being committed within the Southern Judicial District of Alabama, Southern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant (the "Employer") has continuously been a corporation doing business in the State of

Alabama and the City of Mobile, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices hereinafter alleged and to effect voluntary compliance with Title VII through the informal methods of conciliation, conference and persuasion within the meaning of §706(b) of Title VII, 42 U.S.C. §2000e-5. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

7. Since at least January, 1998, Defendant Employer has engaged in and is continuing to engage in unlawful employment practices at its Mobile, Alabama, facility, Store No. 866, in violation of §703 (a)(1) of Title VII, 42 U.S.C. §2000e et.seq. Defendant Employer through its agents has subjected Charlene

3

Daugherty and other similarly situated females to a sexually hostile and intimidating work environment.

8.   The hostile work environment to which Charlene Daugherty and other similarly situated females were subjected included sexually explicit and implicit language and conduct that was so severe and pervasive as to adversely affect the terms and conditions of the employment of female workers.

9.   Charlene Daugherty and other similarly situated females acted reasonably and continuously complained to Defendant of the sexually hostile and intimidating work environment. However, Defendant did not act reasonably to stop or prevent the harassment.

10.   Furthermore, Defendant maintained a sexually hostile and intimidating work environment that was so unpleasant or difficult in which to work that a reasonable person in Charlene Daugherty's position would feel compelled to resign, resulting in the constructive discharge of Charlene Daugherty because of her sex in violation of §703(a) of Title VII.

11.   Moreover, Defendant harassed and constructively discharged Charlene Daugherty in retaliation for complaining of the harassment in violation of §704(a) of Title VII.

12.   The effect of the practices complained of above has been to deprive Charlene Daugherty and other similarly situated females of equal employment opportunities and otherwise adversely

4

affect their status as employees on the basis of sex and on the basis of retaliation.

13.   The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charlene Daugherty and other similarly situated females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex or retaliation.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

5

C.   Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and prejudgment interest to Charlene Daugherty, who was adversely affected by the unlawful employment practices described above.

D.   Order Defendant Employer to make whole Charlene Daugherty and other similarly situated females by providing compensation for past and future pecuniary losses in an amount to be determined at trial.

E.   Order the Defendant Employer to make whole Charlene Daugherty and other similarly situated females by providing compensation for non-pecuniary losses, including pain and suffering, emotional distress, and humiliation in an amount to be determined at trial.

F.   Order Defendant Employer to pay Charlene Daugherty and other similarly situated females punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.   Order Defendant Employer to make whole Charlene Daugherty and other similarly situated females, who were adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating Charlene Daugherty into an available position or awarding front pay in lieu thereof.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

CHARLES E. GUERRIER
Regional Attorney

JILL L. VINCENT
Supervisory Trial Attorney

EUNICE HOLT MORROW
Senior Trial Attorney

7

VALERIE HICKS-POWE
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
Birmingham District Office
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, AL
Telephone:  (205) 731-0628